## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | : | Docket No.: 1:21-cv-11572-WGY |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| -vs.- | : |  |
|  | : |  |
| BAS HOLDING CORP., | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

## PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION
## TO ENJOIN REFERENCE PROCEEDINGS
## AND
## REQUEST FOR EXPEDITED HEARING

This action arises from a fire in Brockton, Massachusetts on March 17, 2021 which damaged the so-called "State Building" on the Brockton Fairgrounds. The Defendant, BAS Holding Corp. ("BAS"), owned the building. BAS filed an insurance claim for the damage to the building with the Plaintiff, Philadelphia Indemnity Insurance Company ("PIIC"), under a policy of insurance which insured other buildings on the Brockton Fairgrounds, but not the State Building. BAS demanded Reference pursuant to Mass. Gen. Laws ch. 175, § 100 to determine the value of the loss. PIIC responded within the 10-day period as required under the statute, and a Reference panel was formed. On October 15, 2021 the panel confirmed that a Reference hearing will commence on Tuesday, November 30, 2021.

After the Reference panel was formed, but before the November 30th hearing was scheduled, PIIC disclaimed coverage because the State Building is not among the buildings insured under PIIC's insurance policy. Along with its disclaimer, PIIC provided BAS with the lists of the six buildings that BAS asked PIIC to insure during the 2018-2019, 2019-2020, and

2020-2021 policy periods (the fire occurred during the latter policy period). The lists contained the same six buildings. They were signed each year by BAS' President, George Carney, and each list states: "ALL VALUES AND LOCATION INFORMATION ARE CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF."

None of the lists include the State Building.

PIIC asked BAS to withdraw its fire loss claim because PIIC did not insure the State Building. BAS refused, but could not (or would not) explain why PIIC should afford coverage for damage to a building which BAS never asked PIIC to insure.

BAS doubled down, continuing to demand that a Reference hearing be scheduled, while refusing to explain its position.

BAS opposed PIIC's request to the Reference panel for a stay of proceedings until the issue can be judicially determined, and on October 15, 2021 the panel confirmed that a Reference hearing will commence on Tuesday, November 30, 2021.

As detailed in PIIC's *Complaint* (Count I), and in PIIC's memorandum of law in support of this motion, PIIC has an overwhelming likelihood of success on the merits because <u>PIIC never insured the State Building, and BAS never asked PIIC to do so.</u>

This motion for a preliminary injunction to enjoin the Reference proceedings is PIIC's only remaining option to avoid the expenditure of considerable funds to prepare for and participate in a quasi-arbitration hearing to determine the value of a damaged building which PIIC did not insure. *See Fed. R. Civ. P.* 65(a).

**REQUEST FOR AN EXPEDITED HEARING**

Because this motion necessarily raises questions about the merits, PIIC respectfully requests an opportunity to be heard on this motion as soon as possible. Undersigned counsel

notes that this Court has scheduled a Rule 16 Scheduling Conference at 3:00 PM on Tuesday, November 16, 2021. *See* ECF No. 11. PIIC respectfully requests that, if the motion cannot be heard on November 16, 2021, it be set down for hearing at the earliest possible date.

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Pursuant to LR 7.1(a)(2), PIIC certifies that it has conferred with BAS in good faith, and has not been able to resolve or narrow the issues presented by this motion. Undersigned counsel spoke with counsel for BAS, Chris Reilly, on August 16, 2021 following PIIC's request that BAS' demand for Reference be withdrawn because BAS never requested that PIIC insure the State Building, and PIIC did not insure that building. At that time, counsel for BAS informed undersigned counsel that BAS intended to proceed with Reference, and has subsequently refused to postpone Reference to allow this Court to decide whether the State Building is insured under the Policy.

WHEREFORE, the Plaintiff, Philadelphia Indemnity Insurance Company, respectfully requests that:

(1) The within motion be scheduled for November 16, 2021 (the date of the R. 16 Scheduling Conference), or otherwise expedited for hearing at the earliest possible date.

(2) The Court order that Reference in this matter be stayed pending a hearing and decision on the within motion; and

(3) The within motion be granted, and that the Court enjoin the Reference proceedings from proceeding to hearing until the issue of whether the State Building is covered under PIIC's insurance policy has been be decided by this Court.

Respectfully submitted,

**PHILADELPHIA INDEMNITY INSURANCE COMPANY**

By its attorneys,

SULLOWAY & HOLLIS, P.L.L.C.

By:     */s/ David W. Zizik*
David W. Zizik (BBO # 540780)
40 Westminster Street – Suite 201
Providence, Rhode Island 02903
(401) 421-1238 telephone
(781) 658-2532 facsimile
dzizik@sulloway.com

-and-

By:     */s/ Alexander G. Henlin*
Alexander G. Henlin (BBO # 660474)
9 Capitol Street
Concord, New Hampshire 03301
(603) 223-2800 telephone
(603) 226-2404 facsimile

Dated: October 22, 2021                ahenlin@sulloway.com

## Certificate of Service

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non-registered participants on October 22, 2021.

*/s/ David W. Zizik*_____
David W. Zizik (BBO # 540780)