UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
PHILADELPHIA INDEMNITY INSURANCE )
COMPANY,                                                        )
    Plaintiff/Counterclaim Defendant, )   CA No. 1:21-cv-11572
                                                         )
v.                                                                        )
                                                         )
BAS HOLDING CORP.                                    )
    Defendant/Counterclaim Plaintiff  )
_____)

### BAS HOLDING CORP.'S
### NOTICE OF INTENT TO OBJECT TO CERTAIN EXHIBITS

BAS Holding Corp. submits this notice of its intention to object to certain proposed exhibits identified in the parties' Joint Pretrial Memorandum, as required by the Court's Procedural Order, ECF NO. 31.

### I. WITNESSES

BAS does not intend to object to the calling of any witnesses identified.

### II. EXHIBITS

    A. **City of Brockton E-mail re no certificate of occupancy** – The email between Philadelphia's counsel and Lisa M. Berry, who held the position of "Admin 1" for the City of Brockton's Building Department is not admissible. Specifically, the e-mail is not relevant under Fed. R. Evid. 402 because the City of Brockton's position of whether the building was "vacant" or whether a "Certificate of Occupancy" was issued for the building is not relevant to the use of the terms "Vacancy or Unoccupancy" in the context of the Policy. Additionally, the email is not admissible under Fed. R. Evid. 801, because it is hearsay. Further, the email, which references a decision purportedly made by someone other than the author over 20 years ago, does not fit within the public record exception to hearsay under Fed R. Evid. 803(8)(A) because it does not set out the office's activities, was not a matter observed while under a legal duty to report, did not include factual findings from a legal authorized investigation, and lacks trustworthiness. Finally, even if the email did fall within the public records exception to hearsay, it is still inadmissible, because it contains hearsay within hearsay (the State Building "had been deemed unsafe

2383395.v1

by one of the building inspectors more than 20 years ago"), and that hearsay within hearsay does not fall within any exception to the hearsay rule. Fed. R. Evid. 805.

B. **Legal fees & expenses incurred by PIIC for reference** – These documents are not relevant to any matter to be tried before the jury and are therefore inadmissible. Fed. R. Evid. 402. Additionally, Plaintiff specifically requested in a request for production of documents that Philadelphia provide "[a]ll written or other documentary evidence that relate to the issue of Philadelphia's damages." On December 5, 2021, Philadelphia responded to that request by stating "PIIC refers BAS to Item No. 3 in its Initial Disclosures, served on November 23, 2021. PIIC will supplement its response within the time permitted by law." Philadelphia's initial disclosures stated:

> PIIC has incurred substantial legal and other professional costs to prepare for and prosecute the reference proceedings demanded by BAS, notwithstanding that PIIC did not insure the State Building. Those costs include the professional fees and costs incurred by the referees that are allocable to PIIC by law. They are reasonably expected to exceed $50,000. Because they continue to accrue, PIIC expects it will not be able to quantify its damages with precision until after a reasonable period of time following the conclusion of the reference proceedings, and its receipt of invoices and costs from the referees, its counsel, and its retained professionals.

The reference proceeding concluded on February 3, 2022, when the parties reached an agreement as to the amount of loss. The third referee served his invoice on the parties on February 4, 2022. To date, Philadelphia has not supplemented its responses by providing its "legal fees & expenses incurred by PIIC for reference." For this additional reason BAS objects to the admission of these, as yet undisclosed, documents.

C. **Photograph of "Building No. 5" (P) –** The photograph of attached to an internal email between two employees of AssuredPartners was never provided to Philadelphia prior to discovery in this action and was not relied upon by Philadelphia in any manner to issue any policy of insurance it issued to BAS and therefore is not relevant. See Fed. R. Civ. P. 402. Additionally, Philadelphia has taken the position that any communications between AssuredPartners and BAS are irrelevant and inadmissible on the basis that Philadelphia's actions were based on its direct communications with AssuredPartners. Philadelphia's objections to communications between AssuredPartners and BAS would apply equally to AssuredPartners' internal communications.

D. **Michael Vanderwerker's e-mail with photo attachments (P)** - This internal email between two employees of AssuredPartners was never provided

to Philadelphia prior to discovery in this action and was not relied upon by Philadelphia in any manner to issue any policy of insurance it issued to BAS and therefore is not relevant. See Fed. R. Civ. P. 402. Additionally, Philadelphia has taken the position that any communications between AssuredPartners and BAS is irrelevant and inadmissible on the basis that Philadelphia's actions were based on its direct communications with AssuredPartners. Its objections to communications between AssuredPartners and BAS would apply equally to AssuredPartners internal communications.

E. **Mr. Vanderwerker's e-mail of 6/18/18 (P)** – This internal email between two employees of AssuredPartners was never provided to Philadelphia prior to discovery in this action and was not relied upon by Philadelphia in any manner to issue any policy of insurance it issued to BAS and therefore is not relevant. See Fed. R. Civ. P. 402. Additionally, Philadelphia has taken the position that any communications between AssuredPartners and BAS is irrelevant and inadmissible on the basis that Philadelphia's actions were based on its direct communications with AssuredPartners. Its objections to communications between AssuredPartners and BAS would apply equally to AssuredPartners internal communications.

Respectfully Submitted,

BAS Holdings Corporation
By its Attorneys,

*/s/ Christopher M. Reilly*

Date:  March 23, 2022

Christopher M. Reilly, BBO# 674041
SLOANE and WALSH, LLP
One Boston Place
201 Washington St., Suite 1600
Telephone: (617) 523-6010
Facsimile: (617) 227-0927
creilly@sloanewalsh.com

2383395.v1

## **CERTIFICATE OF SERVICE**

I, Christopher M. Reilly, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

*/s/ Christopher M. Reilly*
_____
Christopher M. Reilly

Date: March 23, 2022

2383395.v1